UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HOPE E. REIMER, EXECUTOR, etc., | ) | CASE NO. 1:12CV1475 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| CASE WESTERN RESERVE | ) | |
| UNIVERSITY, et al., | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #5) of Plaintiff to Remand and for Costs and Fees. For the following reasons, the Motion is granted in part; the above-captioned case is remanded to the Cuyahoga County Court of Common Pleas; but fees and costs are not awarded.

**I. FACTUAL BACKGROUND**

On April 25, 2012, Plaintiff filed her Complaint in the Cuyahoga County Court of Common Pleas against Case Western Reserve University ("CWRU") and University Hospitals, alleging a wrongful death claim (pursuant to Ohio Revised Code 2125), negligence, and negligent supervision. Plaintiff's decedent enrolled in a human research

study entitled: "Self-Management and Cognitive Function in Adults with Cardiac Disease - Heart Failure."  On April 26, 2011, a CWRU employee provided Plaintiff's decedent with the University Hospital Case Medical Center's "Consent for Investigational Studies," which allegedly failed to disclose that a 2-Minute Step Test would be required or that there was any risk of physical harm as a result of participation in the study.  Plaintiff's decedent completed a battery of cognitive tests and the 2-Minute Step Test.  Immediately thereafter, he suffered a fatal cardiac arrhythmia.

On June 11, 2012, Defendant CWRU, with the consent of the University Hospitals Defendants, removed the captioned case on the basis of federal question jurisdiction.  CWRU contends Plaintiff's causes of action arise under the federal laws of the United States, namely 45 C.F.R. § 46.101, *et seq*.  Specifically, CWRU refers to ¶ 23 of Plaintiff's Complaint, which reads:

> The University Hospital's IRB [Institutional Review Board] had a duty, as more fully defined by Federal law, to properly evaluate, approve, modify and monitor the research protocol.  Its failure to recognize the risks inherent with the 2-Minute Step Test, to require inclusion of a description of the test, to include all reasonably foreseeable risks in the Consent Form, and to assure that appropriate safeguards were in place to protect human subjects during performance of the 2-Minute Step Test each constitutes negligence for which CWRU and University Hospitals are individually and jointly liable.

On July 5, 2012, Plaintiff moved to remand the captioned matter to state court because the federal regulations, 45 C.F.R. § 46.101, *et seq*. do not create a private right of action, and because there is no substantial federal question that has been raised.  Plaintiff insists that 45 C.F.R. § 46.109(a) provides that "an IRB shall review and have authority to approve, require modification, or disapprove all research covered by this policy;" and, thus, merely defines one element of Plaintiff's burden (i.e., duty) to establish negligence under state law.

## II. LAW AND ANALYSIS

**Notice of Removal and Subject Matter Jurisdiction**

28 U.S.C. § 1441 "provides that an action is removable only if it could have initially been brought in federal court." *Cole v. Great Atl. & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D.Ky.1990). Put another way, "[a] civil case that is filed in state court may be removed by the defendant to federal district court if the plaintiff could have chosen to file there originally." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir.2008). The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994). "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly." *Cole*, 728 F.Supp. at 1307 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). A removed case ***must*** be remanded if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). In addition, "[w]here there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. Am. Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D.Ky.1967); see also *Breymann v. Pennsylvania, O. & D. R.R.*, 38 F.2d 209, 212 (6th Cir.1930).

Federal district courts are courts of limited jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137 (1803)). "Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power." *Crabtree v. Wal-Mart*, 2006 WL 897210 at *1 (E.D.Ky. Apr. 4, 2006), slip copy; *Richmond v. Int'l Bus. Machs. Corp.*, 919 F.Supp. 107 (E.D.N.Y. 1996)

(citing Fed.R.Civ.P. 12(b)(1)). Want of subject matter jurisdiction may be raised at any time by the parties or by the Court on its own initiative. Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir.2006) (citing *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir.1988)).

In the absence of diversity, a civil action filed in state court may be removed to federal court only if the claim "arises under" federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). Because neither party argues that diversity jurisdiction is present, Plaintiff's claims must arise under federal law in order for this Court to have jurisdiction.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and any action which could have originally been brought in federal court may be removed to federal court, 28 U.S.C. § 1441(a). "Since a defendant may remove a case only if the claim could have been brought in federal court, . . . the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). As the Sixth Circuit has repeatedly noted: "[T]he 'arising under' gateway into federal court in fact has two distinct portals: (1) litigants whose causes of action are

created by federal law, and (2) state-law claims that implicate significant federal issues." *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 711 (6th Cir.2012)(quoting *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir.2006).

      The Court agrees with Plaintiff that the federal regulations relative to protection of human subjects in research, 45 C.F.R. § 46.101 et seq., do not create a private remedy. Federal courts have determined that the statute regulating research involving human subjects does not confer a private right of action. *Thomas v. Catlin*, No. 04-55778, 141 Fed.Appx. 673, 2005 WL 1943209 (C.A.9 (Cal.) Aug.15, 2005), citing *Alexander v. Sandoval*, 532 U.S.275, 286 (2001)("private rights of action to enforce federal law must be created by Congress.").

      Now, the Court must consider whether Plaintiff's claim "can pass through the alternative federal-question-jurisdiction portal: state-law claims that implicate significant federal issues." *Hampton*, 683 F.3d at 712. Plaintiffs may not "avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir.2007). Furthermore, under the substantial federal question doctrine, removal is proper where "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Mikulski*, 501 F.3d at 560. The "commonsense notion [is] that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). However, federal-question jurisdiction "demands not only a contested federal issue, but a substantial one." *Id*. at 313.

      Plaintiff alleges that the IRB "had a duty, as more fully defined by Federal law, to

properly evaluate, approve, modify and monitor the research protocol;" that "CWRU had a duty to train its employees on the proper administration of the 2-Minute Step Test;" and that "CWRU and University Hospitals also had a duty to assure that appropriate safety precautions were in place to protect human subjects during performance of the 2-Minute Step Test." (Complaint at ¶¶ 23, 24, 25).  Defendants' failure to do so allegedly constitutes negligence for which Defendants are individually and jointly liable.  *Id.*  Finding state-law negligence claims removable, solely because the interpretation and application of federal regulations informs the finding of the existence of a duty, would "flout, or at least undermine, congressional intent," *Merrell Dow*, 478 U.S. at 812; and would "herald[] a potentially enormous shift of traditionally state cases into federal courts," *Grable*, 545 U.S. at 319.  This Court declines to open that "potential flood gate."

Defendants have not met their burden of establishing a federal question.  *See Alexander*, 13 F.3d at 948.  Because "[a]ll doubts as to the propriety of removal are resolved in favor of remand," the Court grants Plaintiff's Motion to Remand.  *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999).

**Attorney Fees and Costs**

Attorney fees should be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal."  *3W Int'l., Inc. v. Scottdel, Inc.*, 722 F.Supp. 2d 934, 936 (N.D.Ohio 2010) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).  Here, Defendants had an objectively reasonable, though erroneous, basis for arguing that a substantial federal question warranted the Court's subject matter jurisdiction.  Plaintiff's request for an award of attorney fees, expenses and costs is denied.

## III. CONCLUSION

For these reasons, the Court finds that no federal jurisdiction exists under 28 U.S.C. § 1441. Thus, Plaintiff's Motion (ECF DKT #5) to Remand is granted; and the above-captioned case is remanded, pursuant to 28 U.S.C. § 1447(c), to Cuyahoga County Common Pleas Court.

**IT IS SO ORDERED.**

**DATE: 10/22/2012**

                                                S/Christopher A. Boyko
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**